IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHOMAS T. WINSTON,

                Plaintiff,

v.

THE UNITED STATES, THE UNIVERSITY OF
HOSPITAL AND CLINICS AMERICAN CHILDREN'S
HOSPITAL, MERITER HOSPITAL, JONATHAN L.
TUETING, A. NEIL SALYAPONGSE, and STEPHAN
V. ZACHARY,

                Defendants.

OPINION and ORDER

22-cv-488-jdp

---

Pro se plaintiff and prisoner Shomas T. Winston has filed a lawsuit about medical treatment for his injured left pinky. The case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A.

In his complaint and two supplemental complaints, Dkt. 1, Dkt. 8, and Dkt. 11, Winston alleges that he hurt his pinky in 2015 while he was in the custody of the Wisconsin Department of Corrections. Between 2017 and 2022, Winston underwent several surgeries to address the injury, but none of the surgeries were successful, and each surgery left Winston with great pain. Winston also alleges that the doctors who performed the surgeries (defendants Jonathan Tueting, Neil Salyapongse, and Stephan Zachary) did not inform him of all the risks of the surgeries and that unknown "bone screw designers/manufacturers/promoters/ distributers/sellers" provided a defective screw that broke inside his pinky. Several weeks after filing his complaint, Winston moved for assistance in recruiting counsel. Dkt. 11. Most recently, Winston moved to stay the case while he attempts to mediate the case under Wis. Stat. § 655.44.

I will deny Winston's motion to stay because this case doesn't belong in federal court. Winston hasn't stated a claim under federal law, and he relies solely on 28 U.S.C. § 1367 as the basis for jurisdiction over his state-law claims, so once the federal claims are dismissed, there is no basis for retaining jurisdiction over the state-law claims. I will dismiss the state-law claims without prejudice to his refiling them in state court. The motion for assistance in recruiting counsel will be denied as moot.

ANALYSIS

Winston asserts claims under the Federal Tort Claims Act (FTCA), 42 U.S.C. § 1983, and state law. Winston doesn't explain why he is suing the United States or bringing a claim under the FTCA. That statute applies only to claims based on the conduct of "federal employees acting within the scope of their employment." *Levin v. United States*, 568 U.S. 503, 506–07 (2013). Winston doesn't allege that any federal employees are involved in this case, so I will dismiss the United States.

As for Winston's claim under § 1983, that statute provides a cause of action against persons who violate the Constitution or federal statutes while acting "under color of law," which generally means public employees and municipalities. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1519–20 (7th Cir. 1990). Winston doesn't provide enough information to determine whether any of the defendants were acting under color of law. He provides no basis for inferring that the manufacturer or seller of the bone screws is a public entity. He alleges that Salyaongse was employed by Meriter Hospital, which is a private entity, and private employees don't act under color of law simply because they provide medical services to a prisoner. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 797 98 (7th Cir. 2014).

2

As for "The University of Hospital Clinics and American Children's Hospital," no entity with that name exists. There is a UW Health University Hospital and an American Family Children's Hospital, which are located next to each other in Madison, Wisconsin. In the body of his complaint, Winston says that Tueting works for "University of Wisconsin Hospital Clinics American Family Children's Hospital" and Zachary works for "the University Hospital." Dkt. 1, ¶¶ 6, 8. It is reasonable to infer that Winston is referring to UW Health University Hospital, and he intends to sue the University of Wisconsin Hospital and Clinics Authority. Not all medical staff at the university hospital work for the state, *see Kreger-Mueller v. Shiner*, 2020 WL 429448, at *2 (W.D. Wis. 2020), but I will assume for the purpose of this order that one or more of the defendants was acting under color of law.

This assumption doesn't help Winston because he hasn't stated a claim against any of the defendants under federal law. Winston asserts a claim under the Eighth Amendment, which requires the prisoner to show that the defendant was "deliberately indifferent" to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). In the medical context, deliberate indifference may be inferred when the defendant's conduct is "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

Winston alleges in his complaint that all the surgeries on his pinky were unsuccessful and that the doctors didn't warn him about how much pain he would be in after the surgery. It isn't reasonable to infer from those allegations that any of the defendants failed to use medical judgment or that they otherwise acted with deliberate indifference. At most, Winston's allegations suggest negligence or malpractice, but that's not enough to state a claim under the Eighth Amendment. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021).

The general rule under § 1367 is that a federal court should dismiss state-law claims without prejudice if the federal claims are dismissed. *See Coleman v. City of Peoria, Illinois*, 925 F.3d 336, 352 (7th Cir. 2019) ("Absent unusual circumstances, district courts relinquish supplemental jurisdiction over pendent state law claims if all claims within the court's original jurisdiction have been resolved before trial."). This case is still at the pleading stage, so it makes sense to apply the general rule and allow Winston to refile his state-law claims in state court if he wishes to do so.

Under 28 U.S.C. § 1915(g), a prisoner may not bring an action or appeal a judgment without prepaying the filing fee if on three or more occasions an action or appeal filed by that prisoner "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Courts refer to these dismissals as "strikes." I will *not* record a "strike" under § 1915(g) because I am dismissing some claims under § 1367(c)(3) rather than for failure to state a claim. *See Turley v. Gaetz*, 625 F.3d 1005, 1010–13 (7th Cir. 2010) (§ 1915(g) applies only if the entire action is dismissed for one of the reasons listed in the statute).

ORDER

IT IS ORDERED that:

1. Plaintiff Shomas T. Winston's motion to stay the case, Dkt. 13, is DENIED.

2. Winston's federal claims are DISMISSED for failure to state a claim upon which relief may granted.

3. Winston's state-law claims are DISMISSED without prejudice to his refiling them in state court.

4. Winston's motion for assistance in recruiting counsel, Dkt. 12, is DENIED as moot.

5. The clerk of court is directed to enter judgment and close the case.

Entered December 20, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge